HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DUGAN and RAYN DUGAN, a Husband and Wife, and the marital community,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C06-5705RBL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. SUMMARY

This matter comes before the Court by Federal Defendant United States of America Motion for Summary Judgment (Dkt. # 20) on Rayn Dugan's claim for lack of subject matter jurisdiction. The defendant asserts that because Ms. Dugan did not satisfy the statutory requirements of the Federal Tort Claims Act, 28 U.S.C. § 2675(a), the Court lacks jurisdiction over her loss of consortium claims.

Having reviewed the parties' submissions, the Court determines that oral argument is not necessary for the disposition of this motion. For the reasons set forth below, the Court hereby GRANTS this motion and dismisses Rayn Dugan's claim.

## II. BACKGROUND

Plaintiffs John Dugan and his wife Rayn seek damages under the Federal Tort Claims Act for injuries sustained by John on January 31, 2004 when an employee of the United States Postal Service struck him with a government vehicle.

After the accident, Mr. Dugan timely filed an administrative claim with the United States Postal Service and exhausted his administrative remedies. While his wife later asserted a loss of consortium claim when this action was commenced in Federal Court, *see Complaint*, (Dkt. #1), she never filed a separate administrative claim. In addition, Mr. Dugan never made reference to his wife and her claims on his claim form. *See* Exh. A to Decl. of Gerald E. Gorsky (Dkt. #20).

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

### B. Plaintiff Rayn Dugan Failed to Exhaust Administrative Remedies Thus the Court Lacks Jurisdiction Over Her Claim

In the response to defendant's motion, plaintiffs provided case law suggesting that the Federal Courts apply a generous interpretation of administrative claim notice requirements. *Plaintiff's Response,* p. 3 (Dkt. #22). The Court disagrees.

First, the plain language of the statute requires a person asserting a claim against the United States for damages to follow the administrative procedures set out in 28 U.S.C. § 2675(a). The provision reads in part: "an action shall not be instituted upon a claim against the United States for money damages for injury...unless the claimant shall have first presented the claim to the appropriate Federal agency and the claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). In other words, Federal Court jurisdiction over these claims depends on the plaintiff's compliance with these administrative procedures. The Ninth Circuit is clear that there are no exceptions to these requirements and they should be strictly interpreted. *See, e.g., Jerves v. U.S.*, 966 F.2d 517, 521 (9th Cir. 1992)("the administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to"). To preserve a right to bring a derivative claim (albeit an independent claim), such as a loss of consortium claim under the Federal Tort Claims Act, a spouse must also exhaust administrative remedies before a federal court has jurisdiction of those claims. *Johnson v. U.S.*, 704 F.2d 1431, 1442 (9th Cir. 1983).

Second, courts have consistently ruled that a spouse who fails to present a separate administrative claim or to sign a joint claim with his or her injured spouse cannot bring an action under the Federal Tort Claims Act for loss of consortium or other damages, even though the injured spouse satisfied the jurisdictional requirements under 28 U.S.C. § 2675(a). *See e.g., Johnson,* 704 F.2d at 1442 (expressly stating that exhausting administrative remedies is a jurisdictional requirement in federal court). In fact, some courts have concluded that including the spouse's name on a claim form may be insufficient to satisfy the statutory notice requirements. *See Wisner v. U.S.*, 154 F.R.D. 39, 42 (N.D.N.Y.1994)(wife's loss of consortium claim was dismissed because mere mention of her name on husband's claim form was insufficient to satisfy the administrative requirements).

Given the facts of the case, it is clear that Rayn Dugan failed to timely file an administrative claim in compliance with federal law and her husband did not make any reference to her loss of consortium claim against the United States.

## IV.  CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment (Dkt. #20) as to all claims asserted by Rayn Dugan.  There is no genuine issue of material fact that she failed to satisfy the statutory requirements under 28 U.S.C. § 2675(a), thus the Court does not have jurisdiction over her claims.

 IT IS SO ORDERED.

DATED this 4th of January 2008

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE